AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br>Jermaine Winters<br><br>*Defendant(s)* | ) ) ) ) ) ) )  Case No. 1:15mj 37 |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 06 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 23, 2015__ in the county of __Harrison__ in the __Southern__ District of __Mississippi__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(u) | theft of firearms from federal firearms licensee |

This criminal complaint is based on these facts:
See affidavit attched hereto and incorporated herein

☑ Continued on the attached sheet.

_____
Complainant's signature

Kevin Istre, S/A ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 6 Aug 15

_____
Judge's signature

City and state: Gulfport, MS

John C. Gargiulo, U.S. Magistrate
Printed name and title

## Affidavit for Criminal Complaint

I, Kevin Istre, being duly sworn and deposed, state the following:

1. I am a Special Agent employed by the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives in the Gulfport, Mississippi Field Office, and have been so employed since May, 2014. In November 2004, I started as a Police Officer with the City of Baton Rouge, Louisiana. During this employment I served as a Task Force Agent with the Drug Enforcement Administration from July 2009 until May of 2014. Through the course of my career I have investigated violations of federal firearms and criminal conspiracy laws involving multiple defendants.

Based upon personal knowledge and information I have received from other law enforcement investigators, I am aware of the following facts.

2. Between the dates of June 6th and June 8th, 2015 the business of Friendly Pawn and Auto, a Federal Firearms Licensee, was burglarized with approximately fifty (50) firearms identified as being stolen. Friendly Pawn and Auto is located at 17437 Highway 49 in the State of Mississippi, county of Harrison and City of Saucier.

3. Investigators developed Tyson GAINES as a suspect of the burglary based upon surveillance video, witness testimony and other investigative techniques. On June 23, 2015 investigators conducted surveillance of GAINES and his associates in order to gain additional information regarding possible co-conspirators and the location of any of the stolen firearms.

4. During the surveillance, investigators observed GAINES meeting with other co-conspirators identified as Kevin EDWARDS, George SULLIVAN and Willie CARTER. Investigators later observed a transaction where CARTER transferred possession of a bag later found to contain nineteen handguns and a shotgun to Andre YOUNG and George SULLIVAN.

A subsequent transaction was observed where SULLIVAN and YOUNG transferred the firearms to another individual. Subsequent to this transaction, Agents recovered the twenty firearms that had all been reported as stolen from Friendly Pawn.

5. Surveillance units observed SULLIVAN and YOUNG travel to the residence of GAINES where EDWARDS, SULLIVAN, and GAINES were all arrested. GAINES and SULLIVAN waived their rights to an attorney and provided statements to police. GAINES admitted being a member of the conspiracy to burglarize Friendly Pawn and in the transaction of stolen firearms. SULLIVAN admitted to possessing and selling stolen firearms.

6. On June 24, 2015 Investigators placed CARTER into custody and transported him to the ATF Office. CARTER waived his right to an attorney and provided a statement. CARTER advised Investigators that he on two occasions he transferred guns that he suspected of being stolen to SULLIVAN, a person known to him to be a convicted felon.

7. Investigators interviewed Informant #1. Informant #1 advised investigators that Jermaine WINTERS, Kevin EDWARDS, and another subject committed the burglary of Friendly Pawn on June 7, 2015. Willie CARTER acted as the driver while Tyson GAINES and another subject acted as surveillance. Informant #1 stated that the conspirators inside of the business communicated with those outside of the business on handheld radios. Informant #1 stated that the conspirators met at the residence of Roderick Gaines prior to the burglary and at the residence of GAINES subsequent to the burglary where the stolen firearms and other stolen items were divided amongst the co-conspirators.

8. Informant #1 stated WINTERS was present at the residence of GAINES during a transaction of stolen firearms between SULLIVAN and CARTER on June 19, 2015. Informant

#1 stated he observed WINTERS at the residence of GAINES arguing over the disposition and money to be earned from the stolen firearms from Friendly Pawn on or around Father's day.

9. Investigators interviewed Informant #2. Informant #2 advised investigators that CARTER, EDWARDS, GAINES, WINTERS and others participated in the burglary of Friendly Pawn. Informant #2 advised investigators WINTERS utilized a car jack to separate the burglar bars of Friendly Pawn in order to gain access to the business. Informant #2 advised investigators that the co-conspirators met at the residence of Roderick Gaines prior to the burglary and the residence of GAINES subsequent to the burglary. Informant #2 stated a portion of the stolen firearms went with WINTERS while some of the rifles went with CARTER subsequent to the burglary. Informant #2 advised Investigators that WINTERS was angry due to not making money quickly from the sale of the firearms and there was a confrontation at the residence of GAINES between CARTER, GAINES and WINTERS on or about Father's Day morning.

10. Investigators interviewed Informant #3. Informant #3 advised Investigators he was present at the residence of GAINES on or around Father's Day and witnessed GAINES and WINTERS arguing over the disposition of the stolen guns from Friendly Pawn.

11. Through a Federal Search Warrant and a Court Order for toll information, Investigators reviewed known and admitted co-conspirators phones calls and texting messaging. Investigators identified multiple communications through both text messaging and phone calls where WINTERS was in contact with multiple co-conspirators during the investigative period.

12. Based upon the foregoing information and my training and experience I believe information has been presented which supports the issuance of an arrest warrant for Jermaine WINTERS for a violation of Title 18, United States Code Section 922 (u).

Further your affiant sayeth not.

_____
Kevin Istre
Special Agent, US Department of Justice
Alcohol, Tobacco, Firearms & Explosives

Sworn and subscribed by me this 6th day of August, 2015.

_____
United States Magistrate Judge