IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.    **Civil No. 1:17cv7-HSO
Criminal No. 1:15cr57-HSO-RHW-5**

**OCTAVIA JERMAINE WINTERS**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DISMISSING IN PART WITHOUT PREJUDICE DEFENDANT'S
[166] MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
FILED PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [166] of Defendant Octavia Jermaine Winters to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.  Defendant seeks to set aside his April 22, 2016, Judgment of Conviction [154] for theft of firearms from a licensed dealer in violation of 18 U.S.C. § 922(u).  Having considered the issues presented, the record, and relevant legal authority, the Court is of the opinion that the Motion should be granted in part to permit Defendant to file an out-of-time appeal, and dismissed without prejudice in all other respects.

I.    BACKGROUND

A.    Factual Background

The United States filed a Criminal Complaint [1] on August 6, 2015, charging that Defendant violated 18 U.S.C. § 922(u) by participating in the theft of

1

firearms from a licensed firearms dealer.   On August 7, 2015, Robert G. Harenski was substituted as appointed counsel for Defendant.   *See* Order [10].   Defendant was later charged in a First Superseding Indictment [75] filed on September 3, 2015, with three criminal counts: (1) theft of firearms from a licensed dealer, as prohibited by 18 U.S.C. § 922(u); (2) receipt/possession or disposal of stolen firearms, as prohibited by 18 U.S.C. § 922(j); and (3) possessing a firearm as a convicted felon, as prohibited by 18 U.S.C. § 922(g)(1).   First Superseding Indictment [75] at 1-3.

Defendant initially entered a plea of not guilty on September 10, 2015. Minute Entry, Sept. 10, 2015.   On January 8, 2016, Defendant filed a Notice of Intent to Change Plea [129] to plead guilty.   Defendant entered into a written Plea Agreement [130] with the Government and pleaded guilty to Count One of the First Superseding Indictment [75] on January 11, 2016.   Minute Entry, Jan. 11, 2016. Pursuant to the Plea Agreement, Defendant expressly waived "the right to appeal the conviction and sentence imposed in this case" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding."   Plea Agreement [130] at 5.

On April 22, 2016, the Court sentenced Defendant to one hundred twenty (120) months imprisonment with respect to Count One and dismissed Count Two and Count Seven of the First Superseding Indictment [75] on the Government's Motion.   Minute Entry, April 22, 2016.   The Court ordered Defendant to pay a $4,000.00 fine; $9,000.68 restitution, jointly and severally with his co-defendants;

and a $100.00 special assessment.  J. [154] at 5.  The Court further sentenced Defendant to a term of three years of supervised release upon his release from imprisonment.  *Id.* at 3.  The Judgment of Conviction [154] was executed and filed on April 22, 2016.  Neither Defendant nor his counsel filed an appeal of the Judgment within the time afforded by the Federal Rules of Appellate Procedure.

B.   Procedural Background

Proceeding pro se, Defendant filed a Motion [159] for Extension of Time to File Appeal on October 31, 2016.  The Court denied the Motion [159] on November 16, 2016, finding that Defendant was required to file a notice of appeal within 14 days of the entry of the Judgment [154], which he failed to do.  Order [160] at 2. The Court further found that Defendant was only permitted to seek an extension of the time to file a notice of appeal within 30 days of the expiration of the 14-day period following the entry of the Judgment [154].  *Id.*  Because this time period had expired, Defendant's Motion [159] for Extension of Time to File Appeal was denied as untimely.  *Id.*  To the extent Defendant sought to have his sentence vacated, set aside, or corrected, the Court directed Defendant to file a motion under 28 U.S.C. § 2255 asserting all grounds for such relief.  *Id.*

Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [166] pursuant to 28 U.S.C. § 2255 on January 10, 2017, along with a Memorandum in Support [167].  Defendant claims he was subjected to ineffective assistance of counsel because, among other things, his counsel failed to file a direct appeal despite Defendant's request that he do so.

3

Mot. [166] at 5.

Defendant maintains that he is entitled to a new trial, and that his sentence should be vacated because the Court applied various sentencing enhancements in determining Defendant's sentence that Defendant contends should not have been applied. Mem. [167] at 5-6. Defendant further maintains that he received ineffective assistance prior to pleading guilty for several reasons, including that his counsel failed to interview witnesses, to move for suppression of evidence, or to object to sentencing enhancements recommended in the Pre-Sentence Investigation Report [152], allegedly informing Defendant that there was not a meritorious issue to present to the Court on his behalf that would result in a lesser sentence. *Id.* at 2, 5. Defendant also alleges that he received ineffective assistance because counsel failed to inform him of the consequences of entering a guilty plea. Mot. [166] at 16.

## II. DISCUSSION

The Sixth Amendment to the United States Constitution guarantees an accused the right to the assistance of counsel in defense of a criminal prosecution. U.S. CONST. AMEND. VI. This right extends to the plea bargaining process, during which criminal "defendants are entitled to the effective assistance of competent counsel." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quotation omitted). Claims of ineffective assistance of counsel are properly asserted by way of a § 2255 motion to vacate. *See United States v. Gaudet*, 81 F.3d 585, 589 n.5 (5th Cir. 1996). A claim asserting ineffective assistance of counsel survives a waiver of the right to file a Section 2255 motion "only when the claimed [ineffective] assistance directly

affected the validity of that waiver or the plea itself." *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002)). To succeed on a Section 2255 motion asserting ineffective assistance, a defendant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Notwithstanding *Strickland,* the United States Court of Appeals for the Fifth Circuit has held that a failure to file an appeal when requested constitutes *per se* ineffective assistance of counsel and permits an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007). This is so even where the defendant has waived his right to a direct appeal. *Id*. Defendant has submitted a declaration in which he states that he requested his counsel file an appeal but that his counsel failed to do so. Mot. [166], Mem. [167]. Accordingly, the Court is of the opinion that Defendant's request for an out-of-time appeal should be granted.

Because district courts cannot "create appellate jurisdiction," the Fifth Circuit has provided direction in this context. *United States v. West*, 240 F.3d 456, 459, 460-61 (5th Cir. 2001). When allowing an out-of-time appeal based on a Section 2255 motion asserting ineffective assistance based on counsel's failure to file a notice of appeal, the out-of-time appeal cannot proceed unless the Court grants the Section 2255 motion insofar as it seeks an out-of-time appeal and dismisses without prejudice "those parts of the motion for which the out-of-time appeal is granted." *Id*. at 460. The Court must then reinstate the judgment of conviction

on the criminal docket, and the defendant will have fourteen (14) days from the date of entry of the reinstated judgment to file a Notice of Appeal in this Court. *Id*. at 462; FED. R. APP. P. 4(b)(1)(A)(i).

Pursuant to this directive, Defendant's Motion to Vacate [166] will be granted only to the extent that Defendant will be permitted to file an out-of-time appeal concerning the grounds for relief raised in his Section 2255 Motion. *West*, 240 F.3d at 460-61. By a "Text Only Order" to be entered in conjunction with this Memorandum Opinion and Order, the Court will reinstate the Judgment of Conviction [100] on the criminal docket as of January 17, 2017. *Id*. at 462. The remaining claims asserted in the Motion to Vacate will be dismissed without prejudice. *Id*. Whether Defendant is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of the Plea Agreement need not be addressed at this point. *Tapp*, 491 F.3d at 265-66. Should Defendant elect to reassert these claims, or others, he may do so by way of a new Section 2255 motion after his appeal is concluded.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [166] of Defendant Octavia Jermaine Winters to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART** to the extent that Defendant is permitted to file an out-of-time appeal as described above, and **DISMISSED WITHOUT PREJUDICE** in all other respects.

**SO ORDERED AND ADJUDGED**, this the 17th day of January, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE